UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                    No. 1:21-cr-40

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"        HON. ROBERT J. JONKER
LEESA BETH VOGT, a/k/a "Lis Bokt,"               Chief United States District Judge
a/k/a "Moose," and
DANIEL REYNOLD DEJAGER,                          HON. PHILLIP J. GREEN
a/k/a "Daniel Reynold," a/k/a "Daniel Miester,"  United States Magistrate Judge
a/k/a "Danichi,"

        Defendants.
_____/

## PROTECTIVE ORDER FOR DISCOVERY MATERIALS

        For the reasons stated in the government's Motion for a Rule 16(d) Protective Order and on the record at the hearing held on the motion on March 31, 2021, it is hereby ORDERED, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that:

        1.      Any and all discovery materials provided in this case by the government to the defendants ("Discovery Materials") are to be used by the defendants and their counsel solely for the preparation of their defense.  No disclosure of these Discovery Materials is authorized except as necessary to the preparation of the defense in this case, and such determination of necessity is to be made by counsel for the defendants, not by the defendants themselves.   This limitation applies to all Discovery Materials provided by the government in this criminal action, irrespective of when they were produced.

        2.      Disclosure of Discovery Materials for purposes related to defense of the criminal case is permitted to: (a) members of the defense teams, consisting of counsel, co-counsel,

paralegals, investigators, litigation support personnel, the defendant, and secretarial staff; (b) experts or consultants used to assist in preparation of the defense; (c) potential witnesses who are deemed necessary by the defense team in connection with this case; and (d) this Court.

3. Counsel for the defendants shall not allow their clients, or any other potential witness, to retain un-redacted copies of the Discovery Materials containing personally identifiable information ("PII"), absent further order by this Court. The defendants may access the Discovery Materials remotely through counsel, using software that restricts, to the degree technologically feasible, the ability to download, print, or otherwise disseminate documents. Irrespective of the capabilities of the review software, the defendants are prohibited from printing or otherwise disseminating any Discovery Materials.

4. Any discovery provided by the defendants to the government in this case ("Defense Materials") are to be used by the government solely for the prosecution of this matter. No disclosure of these Defense Materials is authorized except as necessary to the preparation of the prosecution in this case. Disclosure of Defense Materials for purposes related to the prosecution of the criminal case is permitted to: (a) members of the prosecution team, consisting of counsel, co-counsel, paralegals, investigators, litigation support personnel, secretarial staff, and other government personnel; (b) experts or consultants used to assist in preparation of the prosecution; (c) potential witnesses who are deemed necessary by the prosecution team in connection with this case; and (d) this Court.

SO ORDERED, this __1st__ day of April, 2021.

_____
HON. PHILLIP J. GREEN
United States Magistrate Judge