UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                               No. 1:21-cr-40

CHRISTOPHER ALLAN BODEN, a/k/a "Captain,"    HON. ROBERT J. JONKER
LEESA BETH VOGT, a/k/a "Lis Bokt,"                Chief United States District Judge
a/k/a "Moose," and
DANIEL REYNOLD DEJAGER,
a/k/a "Daniel Reynold," a/k/a "Daniel Miester,"
a/k/a "Danichi,"

      Defendants.
_____/

## UNITED STATES' NOTICE REGARDING BOND MODIFICATION REQUEST

At the conclusion of Defendant Christopher Boden's change-of-plea hearing on October 18, 2021, defense counsel asked the Court to remove the bond condition prohibiting the defendants from communicating directly with one another. (*See* PageID.53.) Defense counsel averred that communication between the defendants, specifically between Boden and Defendant Daniel DeJager, is necessary to assess certain financial transactions in preparation for sentencing. The Court directed the government to provide a position on the request. (*See* PageID.215.)

The relevant statutory provision requires that the Court maintain conditions of bond that are "the least restrictive . . . conditions[] that . . . will reasonably assure . . . the safety of any other person and the community," including by barring "all contact . . . with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(1)(B)(v); *see* 18 U.S.C. § 3143(a)(1).

The government has only generalized concerns with lifting the bond condition, in accordance with this provision, and not any concern particularized to Boden and DeJager. The government does not object, then, as the Court can consider the communications between the defendants in evaluating any factual assertions in connection with sentencing. The government does object to the extent the request encompasses communication with the defendant in the related case, Jeremy Swink, who agreed to cooperate with the government. The government submits that a restriction on communication with Swink should remain under § 3142(c)(1)(B)(v).

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: October 19, 2021

/s/ Justin M. Presant
JUSTIN M. PRESANT
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404
justin.presant@usdoj.gov