UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 1:21-CR-40-01

      vs.                                 Hon. Robert J. Jonker
                                                Chief U.S. District Judge

CHRISTOPHER ALLAN BODEN,
a/k/a "Captain,"

        Defendant.
_____/

## MOTION FOR ORDER OF FORFEITURE FOR A MONEY JUDGMENT

Plaintiff United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment in the amount of $75,000. In support of its motion, the government states as follows:

1.      On February 24, 2021, an Indictment was returned charging Defendant, Christopher Allan Boden, with *inter alia*, operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960; money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B); and structuring, in violation of 31 U.S.C. § 5324(a)(3), (d). The Indictment included forfeiture allegations putting the Defendant on notice regarding the government's intention to seek a money judgment for the amount of proceeds traceable directly or indirectly to the offenses charged in

1

the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 31 U.S.C. § 5317. The United States also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On October 18, 2021, Defendant entered a plea of guilty to Counts 2, 16 and 21 of the Indictment and consented to the entry of a forfeiture order for a money judgment in the amount of $75,000, which constitutes the proceeds of his illegal activity as alleged in the forfeiture allegations of the Indictment. The Defendant admitted that he personally obtained at least $75,000 in proceeds. Moreover, Defendant further admitted that due to his acts or omissions the proceeds are not currently available to the Government for forfeiture, and that the Government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) has been met. As a result, the Court should permit the Government to seek the forfeiture of substitute assets up to the amount of $75,000. The United States has attached a proposed order.

3. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Darji,* 609 Fed. App'x 320, (6th Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the

forfeiture analysis"); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with "substitute assets."

WHEREFORE, by virtue of the Defendant's guilty pleas pursuant to a plea agreement with the government, which have been accepted by this Court, the United States moves the Court to issue an order authorizing the United States to forfeit up to $75,000 in substitute assets from the Defendant and to retain jurisdiction over this matter for the purpose of amending the Order of Forfeiture for a Money Judgment to include any subsequently located substitute assets.

                                          Respectfully submitted,

                                          ANDREW BYERLY BIRGE
                                          United States Attorney
Dated: December 7, 2021          */s/ Daniel T. McGraw*
                                          DANIEL T. McGRAW
                                          Assistant United States Attorney
                                          P.O. Box 208
                                          Grand Rapids, MI 49501-0208
                                          (616) 456-2404