UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER ALLAN BODEN,

    Defendant.

_____/

CASE NO. 1:21-cr-40

HON. ROBERT J. JONKER

## ORDER

Defendant began a three-year term of supervision on October 6, 2023. The matter before the Court is defendant's motion for early termination of supervision. (ECF No. 123). Based on Mr. Boden's conduct, the Probation Department supports defendant's request and believes Mr. Boden would be a good candidate for early termination of supervised release. (ECF No. 127). Government counsel does not oppose early termination and defers to the Court's judgment in the matter (ECF No. 128).

The Court may terminate supervised release under 18 U.S.C. § 3583(e)(1) "at anytime after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See also United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994) (noting that the reviewing court has discretion to terminate a term of supervised release after one year of supervision). The Sixth Circuit has long stated that "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002); *United*

*States v. Campbell*, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (same). In *United States v. Hale*, —F.4th—, 2025 WL 342341, at *3 (Jan. 30, 2025), the Circuit clarified the *Atkin* standard by stating that "exceptionally good behavior" is fair consideration for the Court's discretionary call but not an absolute requirement. It is the supervisee's burden to establish that early termination is warranted. *Atkin*, 38 F App'x at 198; *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). Normally, "a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance." *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)).

In exercising its discretion, the Court is guided by most of the original § 3553 factors. 18 U.S.C. § 3583(e) (identifying all § 3553 factors except §§ 3553(a)(2)(A) and (a)(3)). In addition, the Court has "latitude to consider a broad range of factors in addition to an individual's behavior." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). The Court also finds it prudent to review and evaluate the considerations of § 360.20 Volume 8, Part E of the Guide to Judiciary Policy, which governs Probation's consideration of early release requests. Generally, unblemished post-incarceration conduct will not, standing alone, constitute a sufficient justification for early termination of supervised release. *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

Having carefully considered the record and the requirement of the statute, the Court finds Mr. Boden presents an unusually strong case for early termination. He was convicted, by guilty plea, of multiple offenses related to handling of bitcoin transactions. In the Court's view, the crimes were real, but the legal theories were novel. Moreover, defendant was also conducting productive, lawful and educational activities; the criminal behavior was limited. Since sentencing, Mr. Boden has not incurred any instances of noncompliance and has complied with the order of

the Court.  He fulfilled all financial obligations.  Mr. Boden scores low on the Post-Conviction Risk Assessment and has a violence category of 1.  He has maintained stable housing and employment. Mr. Boden has proven himself on supervision and the Court sees nothing more we can offer and no further reason to continue community supervision from this Court.

After considering all the facts and circumstances, and after evaluating the factors specified in Section 380.10 of Chapter 8 to the Guide to Judiciary Policy, the Court finds this to be an exceptional case that warrants early termination of supervised release.

Accordingly, defendant is released from supervision effective as of the date of this Order.

**IT IS SO ORDERED**.


Dated:  October 21, 2025            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE

3